ARMIN ELMENDORF and LAURA G. ELMENDORF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Elmendorf v. Commissioner
Docket No. 8118-80.
United States Tax Court
T.C. Memo 1982-57; 1982 Tax Ct. Memo LEXIS 692; 43 T.C.M. (CCH) 466; T.C.M. (RIA) 82057; February 9, 1982. Norman H. Glickman, for the petitioners. Charlotte Mitchell, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies of $ 1,689 and $ 8,066 in petitioners' Federal income tax for 1975 and 1976, respectively. The only issue is whether certain foreign source capital gain recognized by petitioners gives rise to an item of tax preference for purposes of computing the minimum tax imposed by section 56.[1] *693 All the facts have been stipulated and are found accordingly. Petitioners, Armin Elmendorf and Laura G. Elmendorf, resided in Portola Valley, Calif., at the time they filed their petition herein. Petitioners are citizens of and are domiciled in the United States. During 1975 and 1976, petitioners earned royalties from the license of all their rights in two United States patents for wood processing techniques. Petitioners entered into the licensing agreements with the Mitsui Lumber Company located in Japan. Based on a percentage of sales, Mitsui Lumber Company made periodic royalty payments to petitioners. Those payments were taxable as capital gain under section 1235. Pursuant to Article 14 of the United States-Japan Income Tax Convention, 1973-1 C.B. 630, 636, *694 royalty income from a Japanese source paid to a United States citizen residing in the United States is taxed at a flat rate of ten percent (10%) in Japan and withheld at the source. Japan imposed that 10 percent tax on petitioners' royalty income. As a general rule, Japan imposes a tax at the flat rate of twenty percent (20%) on nonbusiness income from Japanese sources received by non-residents of Japan such as dividends, interest, royalties, and annuities. See U.S. Treasury Department, Technical Explanation of the United States-Japan Tax Convention, 1973-1 C.B. 653-654. The sole issue in this case is whether the capital gain recognized by petitioners was accorded "preferential treatment" within the meaning of section 58(g)(2)(B). If the gain was accorded such "preferential treatment," the items of tax preference attributable to such gain shall be taken into account for purposes of imposing the minimum tax. Sec. 58(g)(2). Petitioners contend that the foreign country imposed a significant amount of tax, and, therefore, no "preferential treatment" within the meaning of section 58(g)(2)(B) was accorded such gain. This Court recently decided the same issue against the *695 taxpayers in Tropeano v. Commissioner, 77 T.C.     (Nov. 19, 1981). If, under the tax laws of the foreign country, such gain was accorded preferential treatment, then "preferential treatment" has been accorded for purposes of section 58(g)(2)(B) notwithstanding the fact that a significant amount of foreign tax may have been imposed. Tropeano v. Commissioner,supra.
Japan imposes a flat 20 percent rate of tax on the royalty income of certain taxpayers. Under the treaty, petitioners, as residents of the United States, were taxed by Japan at one-half that rate, or 10 percent. [2] Thus petitioners' royalty income was accorded preferential treatment by the foreign country and, therefore, gives rise to an item of tax preference subject to the minimum tax. Accordingly, Decision will be entered for respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in effect during the taxable years in issue. The notice of deficiency corrected a defect in the computation of petitioners' foreign tax credit. Petitioners assigned error to this adjustment in their petition but adduced no evidence thereon. Accordingly, petitioners are deemed to have abandoned that issue.↩
2. That the rate of tax is reduced by treaty does not change the fact that the tax is still imposed by the foreign country. See United States-Japan Income Tax Convention, Article 14, 1973-1 C.B. 630, 636. See also sec. 1.58-8(d), example (8↩), Income Tax Regs.